IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ronald Satish Emrit, | ) | Case No. 3:23-cv-01573-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sabine Aisha Jules, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon review of Plaintiff's complaint.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report").  On April 27, 2023, the Magistrate Judge issued a Report recommending that this action be dismissed or, in the alternative, transferred to the United States District Court for the Southern District of Florida.  ECF No. 6.  Plaintiff filed objections to the Report and a Motion for Joinder of an Indispensable Party.[1]  ECF Nos. 9, 11.

---

[1] Plaintiff filed a document titled "Notice of Appeal."  ECF No. 9.  The Clerk of Court docketed the document as objections to the Report.  As Plaintiff has not filed any other documents that could be construed as objections, the Court will review Plaintiff's filing as objections to the Report.  The Court is of the opinion that Plaintiff's Motion [11] does not constitute objections to the Report; nevertheless, to the extent any portion of that document could be liberally construed as objections, the Court has done so.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As stated above, the Magistrate Judge recommends dismissal of this action or, in the alternative, transfer to the United States District Court for the Southern District of Florida. With respect to her recommendation of transfer, the Magistrate Judge determined that venue is improper in this district. Accordingly, the Court begins with a brief discussion of venue.

Federal district courts are vested with the inherent power to control and protect the administration of court proceedings. *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986). A court has the power to consider *sua sponte* whether venue is proper.

*See Jensen v. Klayman*, 115 F. App'x. 634, 635–36 (4th Cir. 2004) (per curiam).  Pursuant to 28 U.S.C. § 1391(b),

> (b) Venue in general.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In absence of venue, a court has authority sua sponte to transfer under either 28 U.S.C. § 1404(a) or § 1406(a), or both.  *See Jensen*, 115 F. App'x. at 635–36; *In re Carefirst of Md., Inc.*, 305 F.3d 253, 255–56 (4th Cir. 2002).  28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Magistrate Judge determined that Plaintiff and Defendant reside in Florida and that Plaintiff has not alleged that a substantial part of the events giving rise to this action occurred in South Carolina.  In his objections, Plaintiff provides several facts that have no bearing on venue and do not directly address the Report.  *See, e.g.*, ECF No. 9 at 3 ("[T]he plaintiff would rather argue this case on appeal to the Fourth Circuit rather than the Eleventh Circuit in Atlanta, Georgia given the rebuttable presumption that he can get

3

an annulment anywhere in the United States in the federal system."). Nevertheless, out of an abundance of caution for a pro se Plaintiff, the Court has conducted a de novo review of the record, the Report, and the applicable law. Upon such review, the Court finds that, as explained in more detail by the Magistrate Judge, Plaintiff has not provided any allegations that would support a finding that venue is proper in the United States District Court for the District of South Carolina.

Accordingly, the Court agrees with the recommendation of the Magistrate Judge that venue is improper in this district. Here, the interests of justice weigh in favor of transferring this action in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds.[2]

## **CONCLUSION**

For the foregoing reasons, the Court adopts in part and finds as moot in part[3] the recommendation of the Magistrate Judge. The Court finds that venue is improper in this District and **TRANSFERS** this case to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1406(a). Plaintiff's Motion for Joinder of an Indispensable Party [11] is **DENIED as Moot**.

---

[2] Because the court raised the issue of transfer of venue sua sponte, pursuant to *Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir.1986), Plaintiff must be given an opportunity to be heard before a final decision on transfer is rendered. *See also Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.*, 784 F. Supp. 306, 321 (D.S.C.1992); *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999). Plaintiff's opportunity to file timely objections to the Report is considered to be the required opportunity to be heard under *Feller* before a final decision on transfer is rendered.

[3] Specifically, the Court finds the portion of the Report recommending dismissal as moot.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 26, 2023
Spartanburg, South Carolina